FILED
9/10/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
JUL 29 2013
7-29-13
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | 1:13-cv-05387 |
| Plaintiff, | Judge Matthew F. Kennelly |
| Vs. | Magistrate Judge Daniel G. Martin |
| GREAT SKY FINANCE, LLC, | JURY DEMAND |
| d/b/a GREAT SKY CASH, | |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, GREAT SKY FINANCE, LLC, d/b/a/ GREAT SKY CASH, states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who resides in Cook County, Illinois.

5. GREAT SKY FINANCE, LLC, (hereinafter, "GSF") is a business entity engaged in providing payday loans to customers. Defendant is located at 612 E. Street, Timberlake, South Dakota 57656.

## FACTUAL ALLEGATIONS

6. On or about February 28, 2011, Plaintiff entered into an agreement with the Defendant to receive a payday loan.

7. On or about March of 2011, Plaintiff became delinquent on the payments, and the Defendant referred Plaintiff's debt to Alliance Funding, LLC, a debt collection agency.

8. Throughout the months of March, April, and May, Plaintiff continuously received collection letters from Alliance Funding, LLC via email attempting to collect the unpaid debt on behalf of (GSF).

9. Although Plaintiff responded to each email informing Alliance Funding, LLC, to cease communications, the unwarranted debt collection letters via email continued.

10. On or about May 23rd, 2011, Plaintiff received the first of many phone calls from (800) 772-2730 to his cellular phone. Upon answering the call, Plaintiff noticed a pause, and heard a clicking sound, and then a representative named "Shirley" came on the line and began attempting to collect the alleged debt on behalf of (GSF).

11. Plaintiff informed the representative that he had requested numerous times not to be contacted in reference to the alleged debt, and asked the representative to cease calling him on his cellular phone. The representative informed Plaintiff that she would remove his number from the "call system".

12. However, Plaintiff received at least seven (7) more "robocalls" from Alliance Funding, LLC, on behalf of (GSF) over the next few months attempting to collect the alleged debt.

13. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

14. Alliance Funding, LLC.'s calls (on behalf of GSF) utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative.

3

15. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.
16. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Alliance Funding, LLC., (on behalf of GSF) utilizing autodialed and prerecorded messages for the purpose of debt collection or any other purpose to his cellular telephone.
17. Plaintiff has never provided his cellular phone number to Alliance Funding, LLC, or gave his express written consent to be called, whether on his own or on behalf of (GSF).
18. Upon information and belief, (GSF) assigned the alleged debt for collection to Alliance Funding, LLC, on or about February, 2011.
19. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.
20. "Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message

4

call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

21. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Alliance Funding, LLC, on behalf of (GSF) for the purpose of debt collection or any other purpose.

## COUNT I

## VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, et seq

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
23. Without prior consent, Alliance Funding, LLC, on behalf of (GSF) contacted Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) of the TCPA.
24. The phone calls were made to Plaintiff without the number being provided to Alliance Funding, LLC, or any other entity in connection with any debt, and without the consent of Plaintiff.
25. Alliance Funding, LLC, on behalf of (GSF), utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.

26. Alliance Funding, LLC's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects that have the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

27. Upon information and belief, (GSF) was aware that Alliance Funding, LLC, would utilize predictive dialers and artificial and prerecorded voice when placing phone calls to collect debts allegedly owed to (GSF).

28. Plaintiff was damaged as a result of Alliance Funding, LLC's calls on behalf of (GSF). He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne H. Norman, prays for the following relief:

a) Statutory damages for each call pursuant to 47 U.S.C. section 227(b)(3)(B) or (C);

b) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations;

c) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, Il 60130

whnorman@hotmail.com